# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| Rebecca Rose, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| ProCollect, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1. Plaintiff, Rebecca Rose, is a natural person who resides in Denton County, Texas.

2. Defendant, ProCollect, Inc., is a corporation formed under the laws of the State of Texas. Defendant may be served with process via its registered agent, John Bowdich at 8150 N. Central Expressway, Suite 500, Dallas, Texas 75206.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Texas, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Texas because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Sherman Division because the Plaintiff is a resident of Denton County, Texas.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of an deficiency arising out of a residential lease and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff obtained copies of her credit report as published by Equifax and TransUnion, two major credit reporting bureaus.  In reviewing these reports, she noted a tradeline being reported by the Defendant with which she was not familiar.

13. On October 18th, 2022, the Plaintiff initiated a call to the Defendant at the phone number reflected on her credit report.

14. At that time, she was connected with an individual identifying themselves as a representative of the Defendant.

15. After verifying the Plaintiff's identity, Defendant informed her that it was collecting $1,199.00 on behalf of Arlington Park Apartments.

16. At the time of this conversation, the debt in collection was beyond the applicable statute of limitations.

17. Plaintiff and Defendant discussed the debt in general and the effect of Plaintiff's potential payment of the debt on her credit report.

18. The Defendant advised the Plaintiff that she had to pay the balance in full and that, because of the age of the account, no payment arrangements were possible.

19. The Plaintiff advised that she would have to discuss this with her husband to see what they could do and that she would call the Defendant back when she had more information. The Plaintiff also specifically requested that the Defendant refrain from calling her between 8:00 a.m. and 5:00 p.m. due to her work schedule.

20. The Defendant confirmed the Plaintiff's cell phone and paraphrased the Plaintiff's request by asking if they can call between 8:00 and 5:00 p.m. The Plaintiff responded definitively in the negative and stated that she could not take calls between those hours because of her work and that it was inconvenient for her.

21. Defendant then acknowledged her request and provided Plaintiff with an address for payment, the account number, and additional information including a collection fee of $7.50 that Defendant imposed on the account. Defendant concluded by advising the Plaintiff that it would document her account as "refusal to pay" and that her balance in full was due in its offices no later than October 21st, 2022.

22. The Plaintiff hung up without having a plan to resolve the debt, but comfortable in the knowledge that Defendant understood she could not receive calls during her work hours.

23. Notwithstanding the clear admonition by the Plaintiff and the intimation by the Defendant that it understood and acknowledged her request, the Defendant has made numerous calls to the Plaintiff while she has been at work. Specifically, the Defendant has placed the following calls to the Plaintiff's cell phone:

- October 21st at 9:45 a.m.;
- October 24th at 9:08 a.m.;
- October 27th at or around 10:00 a.m. (during the course of this call the Plaintiff reminded Defendant that they should not be calling at that hour);
- November 1st at 1:51 p.m.;
- November 14th at 4:04 p.m.;
- November 17th at 1:15 p.m.;
- November 18th at 1:55 p.m.;
- November 22nd at 2:33 p.m.;
- November 26th at 10:09 a.m.;
- November 29th at 1:30 p.m.; and

- December 7th at 12:42 p.m.

24. Each of the calls referenced above caused the Plaintiff's phone to activate and distracted her from her work tasks.

25. Each of the calls referenced above was either inconvenient for the Plaintiff, threatened her employment position, or both.

26. Given the actual knowledge Defendant possessed regarding Plaintiff's circumstances, Defendant's intent in making the subsequent calls at the frequency and times it chose to do so reflected its intent to harass the Plaintiff as opposed to actually securing payment.

## INJURIES-IN-FACT AND DAMAGES

27. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

28. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

6

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

29. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

30. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Disturbance of the Plaintiff's peace and her right to be free of communications from the Defendant by telephone during inconvenient times and during her work hours;

d.) Anxiety and worry caused by concern that Defendant was going to continue making collection calls to at times that were inconvenient for the Plaintiff;

31. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

### *Violations of 15 U.SC. § 1692c and subparts*

32. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer.

33. The calls made by the Defendant and described in enumeration 23 were made with the actual knowledge that they would not only be inconvenient for the Plaintiff, but would actually be difficult for him/her to handle competently.

34. The calls made by Defendant and referenced herein violated 15 U.S.C. § 1692c(a)(1).

35. A debt collector may not, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

36.   Defendant had direct and actual knowledge that the Plaintiff could not receive calls while at work without jeopardizing his position.

37.   Defendant's calls as described herein violated 15 U.S.C. § 1692c(a)(3).

***Violations of 15 U.SC. § 1692d and subparts***

38.   Having actual knowledge that the Plaintiff is unable to receive calls during her working hours, the Defendant's continued calls during this time period were intended to harass, abuse, embarrass, and intimidate the Plaintiff.

39.   Defendant's conduct violated 15 U.S.C. § 1692d.

***Violations of 15 U.SC. § 1692e and its subparts***

40.   The Defendant's intimation during the course of its communication and call with the Plaintiff of October 18th, 2022, that it would honor the requested call restrictions was objectively false and materially misleading, and a violation of 15 U.S.C. §§ 1692e and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

41.   The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived weaknesses of the Plaintiff.

42.   It violated other provisions of the Act to facilitate collection.

43.   Defendant's conduct violated 15 U.S.C. § 1692f.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 8th day of February, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Texas Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*